# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0826V
UNPUBLISHED

|  |  |
|---|---|
| CATHY BOYD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 28, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On July 8, 2020, Cathy Boyd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table shoulder injury related to vaccine administration (SIRVA) as the result of an influenza ("flu") vaccination she received in her left shoulder on November 19, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 22, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a left SIRVA. On October 28, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $50,500.00. Proffer at 2.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent proffers that Petitioner be awarded **$50,000.00 in actual pain and suffering** and **$500.00 in past unreimbursable expenses**. *Id*. at 1-2

In the Proffer, Respondent also represented that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $50,500.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CATHY BOYD, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 20-826V |
| v. | ) Chief Special Master Corcoran |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN | ) |
| SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 8, 2020, Cathy Boyd ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination she received in her left shoulder on November 19, 2018.  Petition at 1.  On October 22, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation the same day.  ECF No. 25; ECF No. 26.

I.    **Items of Compensation**

A.    **Pain and Suffering**

Respondent proffers that petitioner should be awarded $50,000.00 in actual pain and suffering.  Petitioner agrees.

B.    **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents Cathy Boyd's expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent now proffers that,

based on the Chief Special Master's entitlement decision and the evidence of record, petitioner

should be awarded past unreimbursable expenses in the amount of $500.00, as provided under

the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment as described below and requests that the Chief Special Master's decision and

the Court's judgment award the following[1]:  a lump sum payment of $50,500.00, representing

compensation for pain and suffering ($50,000.00), and past unreimbursable expenses ($500.00),

in the form of a check payable to petitioner, Cathy Boyd.

## III.   Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Cathy Boyd:                    **$ 50,500.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED: October 28, 2021